Peter Eliasberg (SBN# 189110)
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297
Email: peliasberg@aclusocal.org

Brendan Hamme (SBN# 285293)
ACLU Foundation of Southern California
1851 East First Street, Suite 450
Santa Ana, CA 92705
Telephone: (714) 450-3962
Facsimile: (714) 543-5240
Email: bhamme@aclusocal.org

Carol A. Sobel (SBN# 84483)
Law Office of Carol A. Sobel
3110 Main Street, Suite 210
Santa Monica, CA 90405
Telephone: 310 393-3055
Facsimile: 310 451-3858
Email: carolsobel@aol.com

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFF CHENG, an individual; and NATIONAL PRESS PHOTOGRAPHERS ASSOCIATION, a non-profit organization, | CASE NO. 2-17-CV-6084 |
| *Plaintiffs*, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| CITY OF LOS ANGELES; and MICHAEL A. SHULL, General Manager of Los Angeles Department of Recreation and Parks, in his official capacity, | |
| *Defendants*. | |

1

# I. JURISDICTION AND VENUE

1. This action seeks declaratory and injunctive relief under the First Amendment to the Constitution of the United States and under Article 1, Section 2 of the Constitution of the State of California against the unconstitutional restrictions placed on Plaintiffs' speech. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. Sections 1331 and pursuant to the Declaratory Judgment Act, 28 U.S.C. Sections 2201 and 2202. This Court has jurisdiction to hear Plaintiffs' pendent state claim through the doctrine of supplemental jurisdiction set forth at 28 U.S.C. §1367.

2. Venue is proper in the Central District of California under 28 U.S.C. Section 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

# II. INTRODUCTORY STATEMENT

3. Public parks, such as Pershing Square in the City of Los Angeles, have historically been set aside for expressive purposes by the public. For that reason, restrictions on speech in public parks, like other public forums, are subject to the most searching level of scrutiny and must be narrowly tailored to serve the government's interests.

4. The restrictions on speech that the City of Los Angeles enforces in Pershing Square during its Summer Concert series, however, are far from narrowly tailored, restricting a tremendous amount of activity protected by the U.S. and California constitutions. Until very recently, the City flatly prohibited "video, photo, and audio devices" in Pershing Square during the series, despite the established constitutional right to record and take pictures in public. The City justified this blanket ban by invoking its contractual agreements with the performers at its concert series, but the government may not contract away the

rights guaranteed by the Constitution.

5.     Within the last 48 hours, the City changes its rule on cameras and photography in Pershing Square without, however, addressing the unconstitutionality of the old rule.  Even now, the City continues to treat the speech of professional photographers, and those who want to use the kind of cameras professional photographers use, differently from that of casual photographers who use camera phones or point and shoot cameras in a blatant violation of the right to freedom of speech, to freedom of the press, and to equal protection under the law.

6.     Furthermore, the City prohibits the "distribution of promotional items, flyers or printed materials … without [the] written permission of Pershing Square," although leafletting is a well-established and protected method of communicating ideas.  Making matters worse, there are no clear standards governing the permitting process, placing seemingly unbridled discretion in the hands of government officials.

7.     These restrictions are unconstitutional on their face, and unconstitutional as applied to the Plaintiffs.  Unless this Court takes swift action and enjoins the City from enforcing these rules, Plaintiffs' rights and the rights of numerous others like him will continue to be violated, resulting in irreparable harm and undermining the vital role of the public park to the exercise of free speech.

### III. PARTIES

8.     Plaintiff CLIFF CHENG is a photojournalist on the staff of The Los Angeles Collegian Newspaper and Collegian Times Magazine at Los Angeles City College, in Los Angeles, California.  As part of his work, Mr. Cheng attempted to take photographs at two recent events held in Pershing Square, but was barred from even entering Pershing Square because he had a camera with him.  He would

take photographs of the last concert in the Pershing Square Summer Concert series featuring musical performers "X" and "The Meat Puppets" on August 19, 2017 with his Canon 7D camera if it were not for the unconstitutional rules enforced by defendants.

9.     Plaintiff NATIONAL PRESS PHOTOGRAPHERS ASSOCIATION ("NPAA") is a 501(c)(6) non-profit organization dedicated to the advancement of visual journalism in its creation, editing and distribution with 7,000 members, including television and still photographers, editors, students and representatives of businesses that serve the visual journalism industry.  NPPA vigorously promotes and defends the rights of photographers and journalists, including freedom of the press in all its forms, especially as it relates to visual journalism.  NPPA has members based in the Greater Los Angeles area who want to photograph the Summer Concert Series in Pershing Square but did not and continue to not do so because of the new policy prohibiting professional photography and video equipment of any type.

10.     Defendant CITY OF LOS ANGELES ("CITY") is a municipal entity, organized under the laws of the State of California with the capacity to sue and be sued.

11.     Defendant MICHAEL A. SHULL, is the General Manager of the Los Angeles Department of Recreation and Parks (RAP), which is a department of the City of Los Angeles.  The Los Angeles Department of Recreation and Parks is responsible for the operation of Pershing Square and for promulgating the speech restrictions challenged here.  Defendant SHULL is sued in his official capacity.

## IV. STATEMENT OF FACTS

12.     Pershing Square is a historic public park located in downtown Los Angeles.  According to the RAP web site, Pershing Square is a "park" "operated

by the [Los Angeles] Department of Recreation and Parks."[1]  The park is located at 532 S. Olive Ave., Los Angeles, CA, 90013 and takes up a city block bound by Olive Ave., 6th St., Hill St., and 5th St.  Long before it was named Pershing Square, in 1866 Mayor Cristobal Aguilar dedicated the park as a public square—the historical locus of expressive activities, a role that the park has played since that time.  For example, during World War I the park "was often the scene for militia receptions and provided a forum for public speakers."[2]

13.    In recent times, Pershing Square has been home to the Pershing Square Downtown Stage, in which the Square "offers eight weeks of free outdoor concerts, movies, and special events" during the summer season.  In 2017, the Square hosted concerts by the Wallflowers, the B-52s, and others.

14.    The Los Angeles Department of Recreation and Parks has published "Summer Concert Rules and Policies" on its website.  Among these are the two rules challenged here ("the rules").

15.    The rule governing cameras and photography has been changed on the Summer Concert Series website in the last forty-eight hours, following a demand letter from Plaintiffs' counsel. However, as originally stated and as previously enforced against Mr. Chen, the rule stated that "At the request of the artist/performer, video, photo and audio devices are prohibited at Pershing Square's Downtown Stage Saturday concerts. This includes Pro cameras, monopods, tripods, selfie sticks, iPads or professional photography/ video equipment of any type. This policy will be strictly enforced due to contractual agreement."

16.    The rule governing flyers, handouts, and product samples states "The distribution of promotional items, flyers or printed materials is not permitted

---

[1] http://www.laparks.org/pershingsquare#about
[2] *Id.*

4

without written permission of Pershing Square. The sampling and distribution of products is prohibited without a venue permit."

17.    The web site does not state that people with a press credential or press pass are exempt from the rule barring cameras and photography.  Nor does it state how one can obtain a press pass or credential that will prompt the City to allow the holder to bring cameras into Pershing Square during the concert series.

18.    When Plaintiffs' counsel contacted the City to inquire about the permitting process, they were directed to the Pershing Square office.  An employee of the park later informed counsel that "in general" distribution of expressive materials is not allowed at Pershing Square at any time. When asked what authority governed this rule, that same employee referred counsel to a "post order" issued by the local police department. Counsel has since contacted the Central Community Police Station and requested the "post order" but has yet to receive a response.

19.    Mr. Cheng is a 57 year old photojournalist on the staff of The Los Angeles Collegian Newspaper and Collegian Times Magazine at Los Angeles City College, in Los Angeles, California.

20.    On Saturday, August 12, 2017, Mr. Cheng attempted to gain access as a journalist to cover two events in Pershing Square Park.  The first was a concert by the band the B-52s, which is part of the Summer Concert series put on by the City of Los Angeles with the help of sponsors.  The B-52s are a rock band that has remained popular since their emergence in the late 1970's.  The second event was a political petition drive held by the activist group Oil Money Out ("OMO").  OMO wants to put an end to the oil industry's political influence through political donations.

21.    On Saturday, August 12, 2017, OMO had a statewide petition drive. One location was Pershing Square at the B-52s' concert.  Mr. Cheng forwarded

OMO's Press Release and a capture of OMO's website, which showed August 12, 2017 as a date that they were doing a statewide petition drive, including at the Pershing Square B-52's concert, to Ms. Watson, RAP Public Information Officer, and Ms. Louise Capone, Senior Recreation Director/Facility Manager for Pershing Square. Ms. Watson did not respond to his e-mail, but Ms. Capone informed him in an e-mail that he was not allowed to bring cameras into the concert.

22.    When he tried to enter the park, he was wearing his news media IDs from his newspaper, the Press Photographers Assn. of Greater Los Angeles, his City Section Press ID, his American Photographic Artists ID, and his older Press ID from when he was on the Santa Monica College Corsair Newspaper. He had a Canon 7DMkII DSLR (digital single lens reflex) sports camera around his neck.

23.    The Canon 7D is designed to take multiple lenses, thereby enabling the photographer to utilize lens from fish eye and wide angle on the one hand to telephoto on the other to capture a wide variety of images and perspectives. Telephoto lenses are particularly useful for photojournalists shooting events like concerts and sporting events, where it is often difficult for the photographer to get close enough to get good pictures using the kind of lens typically found on point and shoot cameras, that typically do not have interchangeable lenses, cell phones, etc.

24.    A guard providing security for RAP stopped Mr. Cheng and told him he was not allowed in the park because there is a ban on cameras. The guard did not have a name badge or ID card and refused to give Mr. Cheng his name when he asked him for it. Shortly thereafter, another Security Guard told him no news media was being let into the park because of the ban on cameras.

25.    About 7:40 pm, the person Mr. Cheng understood to be the Security Director told him a City Attorney was on their way "to deal with [him]." The Security Director told Mr. Cheng to stay on the steps to the side of the front gate

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

where people would be later searched as they tried to enter the concert.  Mr. Cheng asked the Security Director if he could speak to Ms. Capone.  By 8:30 pm, a half-hour into the concert, neither the City Attorney nor Ms. Capone had arrived.

26.    About 8:10pm, Mr. Cheng witnessed a man be denied admittance into the concert by security.  The security guard stated that the man could not come in because he had an iPad.

27.    On August 15, 2017, Mr. Cheng went on the Pershing Square website again and observed that the rule had been changed to provide as follows:  "Flash photography, professional camera or recording equipment (including cameras with detachable lenses and any form of camera stand) and laser pointers are prohibited."[3]  While the change may be useful to people who wish to take selfies or low quality pictures, it is not helpful to photojournalists like him who rely on single lens reflex cameras with interchangeable lenses to provide the kind of photographs that are of a quality that a newspaper or magazine will use.

28.    Visual journalists who take still pictures for newspapers and magazines at events like protests, riots, sporting events and concerts almost always use what are called digital single lens reflex (DSLR) cameras with interchangeable lenses.  Interchangeable lens enable the photographer to capture a huge variety of different perspectives effectively.  For example, a telephoto lens allows a photographer to take a picture that makes the viewer feel close to the action.  Simply enlarging the picture many times is no substitute because the image becomes fuzzy and degraded, rendering it unusable.

29.    Furthermore, although the quality of the images from point and shoot and cell phone cameras has improved, they simply cannot compare with the quality of the images produced by DSLR cameras.

30.    On Saturday, August 19, 2017, the musical groups "X" and "The

---

[3] http://www.laparks.org/pershingsquare/summer-concert-rules-policies

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Meat Puppets" will play the last concert in the Pershing Square Summer Concert series.  Mr. Cheng and members of NPPA very much want to photograph these concerts using Canon 7D cameras or other DSLR cameras, but fears they will be unable to do so because of the Rule banning use of cameras with interchangeable lenses and the City's practice of enforcing the previous version of the rule.

## **First Cause of Action**

### **42 U.S.C. Section 1983; Violation of the First Amendment**

31.    Plaintiffs re-allege and incorporate by reference each of the allegations in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.    The restrictions on video, photo and audio devices and leafletting at Pershing Square infringe on Plaintiffs' First Amendment rights by severely limiting speech in a traditional public forum.  The rules neither serve a significant governmental interest nor are they narrowly tailored to serve any purported interest.

## **Second Cause of Action**

### **42 U.S.C. Section 1983; Violation of the Fourteenth Amendment**

33.    Plaintiffs re-allege and incorporate by reference each of the allegations in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

34.    The restrictions on the use of professional photography equipment violate the Equal Protection Clause of the Fourteenth Amendment by treating protected First Amendment activity by professional photographers and differently from that of amateur photographers.  Prohibiting the use of professional photography equipment neither serves a compelling government interest nor is narrowly tailored to serve any purported interest.

**Third Cause of Action**

**Violation of Article 1, Section 2 of the California Constitution**

35.   Plaintiffs re-allege and incorporate by reference each of the allegations in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

36.   The restrictions on video, photo and audio devices and leafletting at Pershing Square infringe on Plaintiff's rights under Article 1, Section 2 of the California Constitution by severely limiting speech in a traditional public forum. The rules neither serve a significant governmental interest nor are narrowly tailored to any purported interest.

**Fourth Cause of Action**

**Violation of Article 1, Section 7 of the California Constitution**

37.   Plaintiffs re-allege and incorporate by reference each of the allegations in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

38.   The restrictions on the use of professional photography equipment violate the Equal Protection Clause of the Fourteenth Amendment by treating protected First Amendment activity by professional photographers differently than that of amateur photographers.  Prohibiting the use of professional photography equipment neither serves a compelling government interest nor is narrowly tailored to serve any purported interest.

**REQUEST FOR RELIEF**

Plaintiffs respectfully request that this Court grant the following relief:

A.   A declaration that both rules violate the First Amendment of the United State Constitution.

B.   A declaration that both rules violate Article 1, Section 2 of the California Constitution.

C.     A declaration that the rule banning the use of professional camera equipment violates the Fourteenth Amendment of the United States Constitution

D.     A temporary restraining order preventing Defendants, and all persons acting under their direction and control, from enforcing its rule prohibiting professional photography photo equipment at Pershing Square.

E.     A permanent injunction enjoining Defendants, and all persons acting under their direction and control, from enforcing both rules.

F.     An order awarding Plaintiffs their costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and any other appropriate statutory basis; and

G.     Such other relief as the Court may deem just and proper.

Dated: August 16, 2017        by: /s/ Peter J. Eliasberg

                                      Peter J. Eliasberg
                                      Brendan Hamme
                                      Carol Sobel
                                      For Plaintiffs