UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-6084-SVW (AFMx) | Date | August 18, 2017 |
|---|---|---|---|
| Title | *Cliff Cheng v. City of Los Angeles* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER re Application for Temporary Restraining Order

Plaintiffs filed a motion seeking a Temporary Restraining Order ("T.R.O.") pursuant to F.R.C.P. 65 on August 17, 2017. For the following reasons, the motion is DENIED.

### I. Legal Standard

Plaintiffs seeking a preliminary injunction must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to plaintiffs in the absence of preliminary relief; (3) the balance of equities tips in plaintiff's favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). Because injunctive relief is an "extraordinary remedy," it may only be awarded "upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 376.

### II. Analysis

The second factor requires Plaintiff to demonstrate that he is likely to suffer irreparable harm if not granted a temporary restraining order. "Irreparable harm is traditionally defined as harm for which there is no adequate remedy, such as an award of damages." *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014) (*citing Rent-A-Ctr., Inc. v. Canyon Tel. & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991)). "Irreparable injury is that which is substantial and not compensable by monetary damages or other legal remedies." *Los Angeles Memorial Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1202 (9th Cir. 1980).

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-6084-SVW (AFMx) | Date | August 18, 2017 |
|---|---|---|---|
| Title | *Cliff Cheng v. City of Los Angeles* | | |

    Most, if not all, of Plaintiff's claims of irreparable injury will eventually end in monetary harm. The fact that adequate compensatory damages will ultimately be available in the ordinary course of litigation weighs heavily against a claim of "irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90, 94 S. Ct. 937, 952, 39 L. Ed. 2d 166 (1974). Contrary to Plaintiff's allegations, the harm he suffers does not prevent him from engaging in protected speech. The purported harm is that Defendant's policy limits his ability to sell better-quality photographs; however, Plaintiff can still take photographs through multiple, otherwise permissible mediums. Plaintiff's claim that he and other NPPA members cannot cover the one remaining concert in Pershing Park is patently untrue. (T.R.O. Mot. p. 19). Plaintiff and other photojournalists can still cover the concert and can still take photographs and videos. Plaintiff has failed to demonstrate that the diminished quality of photographs cannot be addressed through monetary damages, if at all.

    While the Court recognizes that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury," *Elrod v. Burns*, 427 U.S. 347, 373 (1976), here there is no danger that any expressive conduct of the plaintiff's will be chilled, as he still retains the ability to attend and photograph the concert. The City of Los Angeles has a significant government interest in providing high-quality, recreational activity to its citizens. *See, e.g., Ward v. Rock Against Racism*, 491 U.S. 781, 796-97 (1989) ("The city enjoys a substantial interest in ensuring the ability of its citizens to enjoy whatever benefits the city parks have to offer, from amplified music to silent meditation.").

    More importantly, the City's current rule allows for ample alternative means of communication. This case is similar to *International Society for Krishna Consciousness of Cal., Inc. v. City of Los Angeles [ISKCON]*, 2015 U.S. Dist. LEXIS 28637 (C.D. Cal. 2015). In *ISKCON*, plaintiffs sought a TRO to allow ISKCON to sell religious t-shirts in Griffith Park. The park rangers restricted plaintiffs to one area. The court stated that the plaintiffs were:

> [F]ree to go right now to Griffith Observatory to proselytize and sell Tshirts. . . . [T]he City appears to provide a space for Plaintiffs' activities that is alongside one major path of access to the Observatory… —not the location Plaintiffs would prefer, but not one which obviously deprives Plaintiffs of an audience….The Court therefore cannot yet say that Plaintiffs' facts "clearly show" that their First Amendment interests would be immediately and irreparably harmed absent a TRO.

                                                                      : _____

Initials of Preparer                      

                                                                      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-6084-SVW (AFMx) | Date | August 18, 2017 |
|---|---|---|---|
| Title | *Cliff Cheng v. City of Los Angeles* | | |

*Id.* at *5-6. Although the City's photography rule may limit the types of cameras Plaintiff can use, the Plaintiff is not deprived from photography altogether. Plaintiff has failed to clearly show immediate and irreparable harm here.

Perhaps a "threatened loss of prospective customers" could constitute irreparable harm. However, the Court concludes that Plaintiff has failed to make a "clear showing" that there is a likelihood of irreparable injury, rather than a mere possibility. *Winter*, 555 U.S. at 20. Plaintiff has merely asserted that "[t]elephoto lenses are particularly useful" for this kind of photography without demonstrating that he will lose prospective customers while using alternate methods. Cheng Decl. ¶ 7. He has not even shown who those prospective customers might be.

The analysis above also pertains to Plaintiff's arguments under the California Constitution and the Equal Protection Clause. *See, e.g., Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 602 (2008) (Equal Protection Clause requires a "rational basis for the difference in treatment"). Plaintiff's claims do not meet the threshold requirements for this Court to issue a TRO.

### III. Conclusion

Because Plaintiff has not established the likelihood that he will suffer irreparable harm if a temporary restraining order is not issued, the court need not consider the three remaining *Winter* elements and his motion is DENIED.

_____ : _____

Initials of Preparer

PMC